IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

L.S.,

          Petitioner,

    v.

LEONARD ODDO, *et al.*

          Respondents.

3:26-CV-00185-CCW

## ORDER

Before the Court is a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a native of Mexico, whom the parties represent is currently detained at Moshannon Valley Processing Center.[1] ECF No. 1 ¶¶ 3–4. Petitioner entered the United States without inspection as an infant. *Id.* ¶ 3. On August 30, 2022, Petitioner pleaded guilty to Rape in the Third Degree in Westchester County, New York. ECF No. 12-1 ¶ 4. On May 24, 2025, Petitioner was detained by U.S. Immigration and Citizenship Services ("ICE") in Yonkers, New York. ECF No. 10 at 3–4. The Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner the same day. *Id.* at 4. On November 5, 2025, Petitioner filed an application for asylum and withholding of removal. ECF No. 1 ¶ 31. The IJ denied Petitioner's application for asylum on December 19, 2025, and Petitioner timely appealed the IJ's decision to BIA. *Id.* Petitioner's appeal to BIA remains pending. Petitioner is detained pursuant to 8 U.S.C. § 1226(c), which imposes mandatory detention on noncitizens convicted of certain "crimes of moral turpitude," including Rape in the Third Degree. *Id.* ¶ 20.

---

[1] Petitioner has requested to proceed under a pseudonym (the initials L.S.), and the Court approved that request. ECF No. 7. She has not, however, provided her legal name, and therefore the Court has been unable to confirm Petitioner's current detention status via the ICE Detainee Locator website.

Petitioner concedes that her 2020 conviction subjects her to mandatory detention under § 1226(c).  ECF No. 12 at 1.  But Petitioner argues that her continued detention without a bond hearing violates her Fifth Amendment due process rights under the four-factor test set forth by the United States Court of Appeals for the Third Circuit in *German Santos v. Warden, Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020).  Petitioner seeks immediate release from custody or, in the alternative, an individualized bond hearing at which Respondents bear the burden of demonstrating, by clear and convincing evidence, that Petitioner's continued detention is justified.  *Id.* 5–6.[2]

Section 1226(c) does not expressly limit the length of detention while removal proceedings are ongoing.  *See generally* 8 U.S.C. § 1226(c).  And while the Supreme Court has held that mandatory detention under § 1226(c) is not facially unconstitutional, *see Denmore v. Kim*, 538 U.S. 510, 531 (2003), noncitizens detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detention.  *Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483, at *11 (3d Cir. Feb. 2, 2026) ("[I]mmigrants detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions.  The longer they are detained without bond hearings, the more likely their detention abridges the liberty secured by the Due Process Clause.") (internal citations omitted).  Courts in this Circuit apply a non-exhaustive list of four factors, known as the *German Santos* factors, to assess whether a noncitizen's detention has become unreasonable:  1) the duration of detention;  2) whether the detention is likely to continue;  3) the reasons for the delay;  and 4) whether the conditions of confinement are meaningfully different from criminal confinement.  965 F.3d at 211 (3d Cir. 2020).  If the Court

---

[2] To the extent Petitioner is required to exhaust administrative remedies, the Court finds that exhaustion would be futile in this case.

finds the noncitizen's detention has become unreasonable under the *German Santos* factors, due process entitles the noncitizen to a bond hearing where the government bears the burden of demonstrating, by clear and convincing evidence, that continued detention is justified. *Id*. at 213.

Here, the first and most important factor—the length of detention—favors Petitioner. Petitioner has been detained for over ten months, and courts in this Circuit have regularly found similar lengths of detention without a bond hearing to be unreasonable. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 824–826 (W.D. Pa. 2025) (Haines, J.) (detention for "nearly 10 months" without bond hearing violates due process); *C.B. v. Oddo*, No. 3:25-cv-00263, 2025 WL 2977870, at *6–8 (W.D. Pa. Oct. 22, 2025) (Brown, M.J.) (detention for "more than 10 months" without bond hearing violates due process); *Mashchenko v. Rokosky*, No. 25-12387, 2026 WL 185204, at *3–4 (D.N.J. Jan. 25, 2026) (detention for "approximately nine months" without bond hearing violates due process). The second factor—whether detention is likely to continue—also favors Petitioner. Petitioner's appeal of the IJ's December 19, 2025 decision denying her application for asylum is currently pending before the BIA. ECF No. 12-1 ¶¶ 13, 17. And because the BIA "could take months" to resolve Petitioner's appeal, "the likelihood that [her] detention will continue strongly supports a finding of unreasonableness." *German Santos*, 965 F. 3d at 212; *see also A.L.*, 761 F. Supp. at 826 (second *German Santos* factor favors petitioner where the petitioner's appeal is pending before the BIA).

The third factor—the reasons for the delay—does not favor either party. While Petitioner's immigration counsel acknowledges that she previously requested a continuance of the December 19, 2025 hearing before the IJ, she represents that she did so only because that hearing was rescheduled *sua sponte* by the IJ to a date nearly six weeks in advance of the previously agreed-upon date. ECF No. 12-1 ¶¶ 15–16. Counsel further represents that her motion for a continuance

3

was denied and thus did not delay Petitioner's removal proceedings. *Id*. And it is well-established that Courts "do not hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings." *German Santos*, 965 F.3d at 211. Conversely, Petitioner does not allege that Respondents have engaged in any bad faith delays or gamesmanship in her removal proceedings. Accordingly, the third factor is neutral.

Finally, the fourth factor—whether the conditions of confinement are meaningfully different from criminal punishment—favors Petitioner. Courts in this Circuit have found that the fourth *German Santos* factor favors detainees at Moshannon Valley Processing Center. *See, e.g.*, *Morgan v. Oddo*, No. 3:24-cv-221, 2025 WL 1134979, at *5 (W.D. Pa. Apr. 17, 2025) (Kelly, M.J.) ("Petitioner has provided sufficient contemporary, persuasive evidence in his declarations that his conditions of confinement while at MVPC were like those of a prison."); *Grigoryan v. Jamison*, No. 25-1389, 2025 WL 1257693, at *5 (E.D. Pa. Apr. 30, 2025) ("All told, [the petitioner's] conditions of confinement [at Moshannon Valley Processing Center] are sufficiently punitive to weigh slightly in favor of granting his petition[.]"); *Akhmadjanov v. Oddo*, No. 3:25-cv-35, 2025 WL 660663, at *5 (W.D. Pa. Feb. 28, 2025) (Haines, J.) (fourth *German Santos* factor "slightly weighs in favor of Petitioner" detained at Moshannon Valley Processing Center).

Here, Petitioner makes several specific allegations about the conditions of her confinement at Moshannon Valley Processing Center. Petitioner alleges that she has been "regularly exposed to violence" at Moshannon, that "staff have indiscriminately used pepper spray in her unit, leaving her choking and crying[,]" that "she receives inadequate mental health treatment, infrequent medication management, and insufficient care for her chronic back pain," and that she "is often forced to choose between eating spoiled food or hunger." ECF No. 12 at 4–5. As a result,

Petitioner asserts that "her mental and physical health is deteriorating" at Moshannon Valley Processing Center.  Accordingly, the fourth factor favors Petitioner.

In sum, three of the *German Santos* factors favor Petitioner.  Thus, the Court concludes that Petitioner's continued detention under § 1226(c) without a bond hearing is unreasonable.  Accordingly, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART, as follows:

1.    Within seven days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge, where the government shall bear the burden to justify Petitioner's detention by clear and convincing evidence.

2.    IT IS FURTHER ORDERED that if Petitioner does not receive a bond hearing by that date, Respondents shall immediately release Petitioner from custody.

3.    IT IS FURTHER ORDERED that within seven days of the immigration judge's decision, the parties must file a joint notice on the docket advising the Court of the outcome of the bond hearing.

4.    IT IS FURTHER ORDERED that any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) shall be filed within ten days of this Order.

5.    IT IS FURTHER ORDERED that the Petition is DENIED in all other respects.

DATED this 30th day of March, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

5

cc (via ECF email notification):

All Counsel of Record